# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ISACC MORRELL COSEY,

        Plaintiff,

v.                                               Case No. 14-cv-1353-pp

MILWAUKEE COUNTY JAIL,

        Defendant.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 2), DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE, ORDERING AMENDED COMPLAINT BY JUNE 8, 2015, AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 3)

Isacc Cosey, a Wisconsin state prisoner, has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail (the "Jail"). This matter is before the court on Mr. Cosey's motion for leave to proceed *in forma pauperis* and for screening of Mr. Cosey's complaint.

The court has determined that Mr. Cosey lacks the funds to pay the initial partial filing fee and therefore will waive this requirement. 28 U.S.C. § 1915(b)(4). The court will grant Mr. Cosey's motion for leave to proceed *in forma pauperis*.

The law requires courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a

1

complaint, or part of it, if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not have to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly*. First, the court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to

the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, then the court must move to the second step—it must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give Mr. Cosey's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## MR. COSEY'S ALLEGATIONS

According to the complaint, Mr. Cosey was incarcerated at the Milwaukee County Jail during the events he alleges in his complaint. (He currently is incarcerated at Fox Lake Correctional Institution.) Mr. Cosey is suing the jail based on allegations that it was deliberately indifferent to his serious medical needs.

Specifically, Mr. Cosey alleges that, after being shot on May 7, 2014, doctors fitted him with a colostomy bag. At the time, doctors informed Mr.

Cosey that he would need to have the colostomy bag for six weeks, and that he should return to the hospital on June 21, 2014, so that the doctors could determine whether the procedure could be reversed. Mr. Cosey does not say in his complaint when he first went into the jail's custody; he does say that on June 23, 2014, the jail transported him to the hospital, where the doctor informed him that it would be necessary for him to submit to additional tests at a later date.

On July 17, 2014, a doctor informed Mr. Cosey that the procedure could be reversed; however, the doctor noted that he was "working on the Milwaukee County Jail time, so they had to set a date for [Mr. Cosey] to have it done." (Complaint at 3, ECF No. 1.) The complaint alleges that Mr. Cosey asked the doctor why he was in so much pain and why his "colsamey [sic] [was] not getting little." (*Id.*) The doctor responded that Mr. Cosey needed to have the procedure reversed and that the doctor was "ready to put [Mr. Cosey] back together." (*Id.*)

Mr. Cosey alleges that, on July 18, 2014, he consulted with "Jason" a doctor at the jail health center. Jason allegedly told Mr. Cosey that he was going to set a date in August for the reversal procedure. Mr. Cosey alleges that he was in extreme pain throughout July and into August, and that he consistently complained about the pain to nurses, lieutenants, and officers, without any response.

On August 25, 2014, "Jason" allegedly told Mr. Cosey that he had set a date for the procedure, but that, after discussing the matter with his

4

supervisor, they decided to cancel the procedure because the jail did not want to pay for it. "Jason" provided Mr. Cosey with ibuprofen for the pain.

Mr. Cosey alleges that he was in constant pain, he began to lose weight, he was unable to sleep, and blood began to come from "it." Despite his complaints, Mr. Cosey alleges no one ever consulted with or examined him. The Jail had not scheduled the reversal of the procedure as of the time Mr. Cosey filed his complaint on October 27, 2014.

## ANALYSIS

A plaintiff who seeks to state a claim based on deficient medical care must demonstrate two elements: "1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)).

Mr. Cosey sufficiently alleges deliberate indifference to an objectively serious medical condition; however, he has failed to name the individuals responsible for the deliberate indifference. Mr. Cosey cannot state a claim against the jail. As the court noted in *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1983), "Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' [A jail] is not a 'person'—it is not a legal entity to begin with." Mr. Cosey either must sue an appropriate legal entity, *see, e.g., Lile v. Tippecanoe County Jail*, 844 F. Supp. 1301, 1307 (N.D. Ind. 1992), *citing Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978); *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir.

5

1991); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988); *Dockerty-Bostron v. Waukesha County*, 744 F. Supp. 877, 881 (E.D. Wis. 1990), or an individual or individuals who "caused or participated in alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Because the only defendant Mr. Cosey has named is the Milwaukee County Jail, which is not a legal entity that can be sued under §1983, the court will dismiss his complaint without prejudice. The court will give Mr. Cosey an opportunity to file an amended complaint naming the legal entities or individuals he believes are responsible for the alleged constitutional violations. If Mr. Cosey wants to proceed, he must file that amended complaint on or before **Monday, June 15, 2015**. The court may dismiss this action if Mr. Cosey does not file an amended complaint by the end of the day on June 15.

The court advises Mr. Cosey that he has to put the docket number assigned to this case (14-cv-1353) on the amended complaint, and must call it in the title, "Amended Complaint." The amended complaint, if Mr. Cosey files it, will replace the prior complaint, and must be complete in itself, without referring back to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If Mr. Cosey files an amended complaint by the deadline the court has set, the court will screened it pursuant to 28 U.S.C. § 1915A.

**MOTION TO APPOINT COUNSEL**

Mr. Cosey has filed a separate motion asking the court to appoint a lawyer to represent him. (ECF No. 3). In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Before the court makes that decision, though, the plaintiff has to show the court that he has made a reasonable effort to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Only after the plaintiff shows that he's made that reasonable attempt to hire counsel will the court decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

In this case, Mr. Cosey has not provided evidence that he's made any efforts to obtain legal counsel on his own (such as providing the names of three attorneys whom he contacted). Even if Mr. Cosey had provided that evidence, however, the court would deny Mr. Cosey's motion at this time. While Mr. Cosey's allegations are serious, the legal theories are straightforward. He has clearly explained in his original complaint what has happened to him. The court has ordered that Mr. Cosey provide an amended complaint, and Mr.

Cosey's filings to date indicate he is capable of doing that on his own. Accordingly, the court will deny Mr. Cosey's request for assistance of counsel at this time.

The court **ORDERS** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

The court further **WAIVES** the requirement that the plaintiff has to pay the initial partial filing fee.

The court further **ORDERS** that the plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

The court further **ORDERS** that the plaintiff's complaint (EDF No. 1) is **DISMISSED**, without prejudice. The court further **ORDERS** that on or before **Monday, June 8, 2015**, the plaintiff shall file an amended complaint, addressing the problems the court identified above.

The court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary must clearly identify the payments by the case name and number assigned to the case.

The court will mail a copy of this order to the warden of the institution where the plaintiff is confined.

The court further **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

THE PLAINTIFF MUST NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. That will only delay the processing of the case. Because someone in the clerk's office will electronically scan each filing and enter it on the docket, the plaintiff does not need to mail copies to the defendants. All of the defendants will be served electronically through the court's electronic case filing system. The plaintiff should also keep a personal copy of each document he files with the court.

The court further advises the plaintiff that failure to timely file documents or pleadings may result in the court dismissing the case for failure to prosecute. In addition, the parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee this 8th day of May, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court Judge**